IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE DIRDEN,
Inmate No. P24139,
  Plaintiff,

vs.           Case No.: 3:17cv500/LAC/EMT

STATE OF FLORIDA,
  Defendant.
_____/

## REPORT AND RECOMMENDATION

  This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 9). Leave to proceed in forma pauperis has been granted (ECF No. 8).

  Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915 "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109

S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal is warranted.

Named as Defendants are judges and other court personnel, assistant state attorneys, and law enforcement and corrections officials, all of whom were allegedly involved in a 2015 criminal prosecution against Plaintiff in the State of Florida which resulted in his conviction and four-year sentence he is currently serving. Plaintiff complains of various errors, including that a public defender was assigned to him for purposes of appeal without his permission and that he was unlawfully found in

violation of the law for not registering as a sexual offender in the State of Florida. Plaintiff states he filed numerous documents with the various Defendants, including a "void judgment" document, a "judicial notice with legal issues to address," a request to fully disclose the court's jurisdiction, a request for writ to show proof of authority and cause, a demand for full disclosure, a notice of removal, a "contract signed under without prejudice to release all rights," applications for writs of mandamus and habeas corpus, a "notice of dishonor," a "notice of apologize," a notice of deprivation of liberty, and a request for "proof of claim of injured party complaint" (ECF No. 9 at 8–15).[1]

Plaintiff thereby claims violations of his rights to due process under the Fourteenth Amendment, plus violations of the Fourth, First, Sixth and Eighth Amendments. As relief, he seeks a "void judgment" on his conviction and monetary damages (*id.* at 16).

## DISCUSSION

---

[1] Plaintiff's complaint appears to be at least partially derived from what has been described as the "Sovereign Citizen Movement," which generally advances the argument that individuals, as natural humans, are their own "Secured Party Sovereigns" and are citizens of the United States only by contracts which are constrained through such laws as the Uniform Commercial Code (UCC), one of the results evidently being that the individual is not properly or jurisdictionally subject to the criminal laws of the state or federal government. *See, e.g.,* Schlager v. Beard, 398 F. App'x 699, 701–02 (3d Cir. 2010); Rowe v. Pennsylvania, No. 13-4094, 2014 WL 2805245, at *3 (E.D. Pa. Jun 20, 2014); Gravatt v. United States, 100 Fed. Cl. 279, 286–89 (Fed. Cl. 2011).

Although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. Based upon the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or

injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983.  <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066 (11th Cir. 1995). Additionally, the type of damages Plaintiff seeks strikes at the very heart of what <u>Heck</u> was intended to avoid: the use of civil rights or other such civil actions to seek redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief.  <u>Heck</u> therefore bars this complaint.

Accordingly, it respectfully **RECOMMENDED**:

1.  That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.  That all pending motions be denied as moot.

At Pensacola, Florida, this <u>19</u>th day of October 2017.


                             /s/ *Elizabeth M. Timothy*
                             **ELIZABETH M. TIMOTHY**
                             **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:17cv500/LAC/EMT